**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| MARGARET GERRITY | § | |
| | § | |
| *Plaintiff* | § | |
| | § | |
| vs. | § | CASE NO. 1:21-CV-_____ |
| | § | |
| DIGITAL PHARMACIST, INC. d/b/a | § | |
| Medicineshoppe.com, MEDICINE | § | |
| SHOPPE INTERNATIONAL, INC., | § | |
| *Defendants* | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE DISTRICT COURT**:

COMES NOW Plaintiff, Margaret Gerrity ("Plaintiff" or "Gerrity"), and files her Original Complaint against DIGITAL PHARMACIST, INC. d/b/a medicineshoppe.com ("Defendant", "DP"), and MEDICINE SHOPPE INTERNATIONAL, INC. ("MSI"), alleging Copyright Infringement under Section 501-504 of the Copyright Act, and would respectfully show as follows:

### I.
### PARTIES

1.1     Plaintiff is an individual and sole proprietor, who is a citizen of, and resides in, the State of Texas.

1.2     Defendant DIGITAL PHARMACIST, INC. is a domestic business corporation, with an address at 4315 Guadalupe Street, Suite 200, Austin, Texas 78751-3644.

1.3     Defendant MEDICINE SHOPPE INTERNATIONAL, INC. is a foreign business corporation, authorized to do business in the State of Texas, with an address at 700 Cardinal Place, Dublin, Ohio 43017-1091.

1

## II.
## JURISDICTION AND VENUE

2.1     This is a civil action for copyright infringement with an amount in controversy in excess of $75,000.

2.2     Jurisdiction is conferred upon this Court by 28 U.S.C. Section 1338 and 28 U.S.C. Section 1332.

2.3     Venue in the Western District of Texas is proper, pursuant to 28 U.S.C. 1400.

## III.
## FACTS

3.1     Plaintiff is a noted and respected board-certified medical illustrator, with many years of experience and a considerable reputation, and Fellow of the Association of Medical Illustrators.

3.2     Plaintiff earned a Master of Associated Medical Sciences in Biomedical Illustration from the University of Illinois at Chicago.

3.3     Plaintiff earned a Bachelor of Arts in Drawing and Painting from the University of Alaska, and a Bachelor of Science in Biomedical Science from Texas A&M University.

3.4     Plaintiff earns her livelihood from the creation and licensing of her images for compensation received from permitted third-party licensees.

3.5     Defendant "DP" is a technology company that helps pharmacies by creating a digital platform that, according to its website, creates a seamless, integrative experience.

3.6     DP offers services such as a digital platform where customers can manage their prescriptions without having to pickup the phone, digital marketing, a digital way for a pharmacist to communicate with its customers, among other services.

3.7     Defendant MSI is a Cardinal Health company.

3.8     MSI operates The Medicine Shoppe Pharmacy and Medicap Pharmacy franchises.

3.9     MSI owns and operates the website medicineshoppe.com.

3.10    According to its website, MSI has nearly 500 stores across 43 states.

3.11    Cardinal Health Inc. ("Cardinal") is a global, integrated healthcare services and products company that is traded on the New York Stock Exchange.

3.12    Cardinal is a medical giant.

3.13    Cardinal states that its business is, *inter alia*, to provide customized solutions for hospitals, health systems, pharmacies, ambulatory surgery centers, clinical laboratories and physician offices.

3.14    Cardinal states that it provides clinically-proven medical products and pharmaceuticals and cost-effective solutions that enhance supply chain efficiency from hospital to home.

3.15    According to its website, Cardinal has nearly 100 years of experience, approximately 50,000 employees in 46 countries, and ranks among the top 25 on the Fortune 500.

## IV.
## THE COPYRIGHTED WORK AT ISSUE

4.1    In 2004, Plaintiff created an image depicting an overactive bladder, a copy of which is annexed hereto at **Exhibit "A"** and shown below and referred to herein as the "Work".



4.2    At the time Plaintiff created the Work, Plaintiff applied copyright management information to the Work consisting of the words "peggerrity.com" on the left-hand side of the Work.

4.3    The website "PegGerrity.com" is plaintiff's business website, which includes information about her medical illustration business, her portfolio, and a means to contact her to license existing work or for the creation of new work.

4.4    Plaintiff registered the Work with the Register of Copyrights on November 19, 2004 and was assigned the registration number VAu 650-348.  The Certificate of Registration is attached hereto as "**Exhibit B**".

4.5    At all relevant times Plaintiff was the owner of the copyrighted Work at issue in this case.

4.6    Plaintiff's Work shows great and original detail of a medical nature and is of substantial value due to the expertise required to create medical illustrations of a sufficient fidelity for publication in medical journals and textbooks, including medical knowledge and artistic skill.

4.7    Plaintiff's Work is valuable in the marketplace.

4.8     Plaintiff's Work was particularly valuable to DP and MSI due to the subject matter pertaining to DP and MSI's advertising and promotion of their respective services, companies, as well as sales of the drug Myrbetriq (mirabegron), used to treat overactive bladder, for their sole economic gains.

## V.
## INFRINGEMENT BY DEFENDANTS

5.1     Defendants, or one or more of them, have employed the Work without Plaintiff's license, authorization or consent, the full nature of which is unknown to Plaintiff without discovery.

5.2     Upon information and belief MSI hired DP to help prepare digital content on the website "medicineshoppe.com".

5.3     Upon information and belief, one or more of Defendants selected the Work to include on the website "medicineshoppe.com".

5.4     Upon information and belief, each of the Defendants were involved in the publication of the Work on the website "medicineshoppe.com".

5.5     Upon information and belief, each of Defendants approved of the publication of the Work on the website "medicineshoppe.com".

5.6     None of Defendants obtained a license to use the Work on the website "medicineshoppe.com" for any purpose whatsoever.

5.7     Notwithstanding the foregoing, Defendants, or one or more of them, have prominently employed the Work on the website "medicineshoppe.com" (a copy of such unauthorized use of Plaintiff's Work is annexed hereto at "**Exhibit C**").

5.8     Defendants, or one or more of them, have employed the Work at https://www.medicineshoppe.com/fda-alerts/new-drug-overactive-bladder-adults.   ("**Exhibit C**").

5.9     Defendants' publication of the Work on the website "medicineshoppe.com" crops,

strips, removes, and/or alters plaintiff's watermark stating "peggerrity.com" from the publication of the Work.

5.10    Defendants' uses of the Work promotes DP's business and services by serving as an example of DP's work.

5.11    Defendants' uses of the Work promotes MSI's business, products, and services by its use of the Work to promote sales of the drug Myrbetriq (mirabegron), used to treat overactive bladder.

5.12    The above described uses of Plaintiff's Work by Defendants serve to promote the website "medicineshoppe.com".

5.13    The above described uses of Plaintiff's Work by Defendants serve to promote defendant(s)' services.

5.14    The above described uses of Plaintiff's Work by Defendants serve to promote defendant(s)' economic interests.

5.15    Upon information and belief, Defendants, or one or more of them, purposely selected Plaintiff's Work to include on their website without seeking a license from Plaintiff for such use.

5.16    Defendants, or one or more of them, avoided paying plaintiff for a license for the use of the Work.

5.17    Upon information and belief, defendants selected and decided to use the Work on the website "medicineshoppe.com" without regard to how the image was procured and/or whether a valid license permitting the use of the Work had been sought or obtained.

5.18    Upon information and belief, Defendants, or one or more of them, knew and had actual knowledge that they lacked Plaintiff's license, authorization, and consent to use the Work as complained of herein.

5.19    The Work itself includes authorship credit to Plaintiff via the text on the face of the

6

Work stating "peggerrity.com".

5.20    Plaintiff never granted any of Defendants a license, authorization or consent to use the Work as complained of herein.

5.21    At no time did the Defendants, or one or more of them, nor any agent on the Defendant(s)' behalf, seek to obtain a license from Plaintiff for use of the Work for any purpose.

5.22    Upon information and belief both of defendants are sophisticated licensors and licensees of intellectual property and knew or should have known that it required a license to use Plaintiff's Work as complained of herein.

5.23    Defendants, or one or more of them, have employed the Work for their own commercial benefit with knowledge that they had not secured a license to do so.

5.24    Defendants, or one or more of them, never sought, nor obtained, a license, authorization or consent from Plaintiff to use the Work in the manners complained of herein.

5.25    Defendants, or one or more of them, used the Work for each of their own economic advantage and to the detriment of Plaintiff.

5.26    Pursuant to *inter alia* Federal Rule 11, Plaintiff and Plaintiff's counsel sought to obviate judicial intervention and the filing of suit, and have made reasonable efforts to mitigate damages and attorney's fees, which may be recoverable pursuant to USC Title 17 § 505.

5.27    On August 19, 2019, Plaintiff, by counsel, issued and delivered correspondence to DP and MSI, advising them, *inter alia*, to remove the Work from their website, and from any and all other uses of the Work; that they were in violation of Plaintiff's copyright; and that they had no right to use the Work on their websites as complained of herein (hereinafter the "Notice Letter", a copy of which is annexed hereto as "**Exhibit D**", sans its exhibits, which are elsewhere annexed to this Complaint).

5.28    The Notice Letter requested, *inter alia*, a disclosure of the full nature and extent of

7

defendants' uses of the Work so that Plaintiff could in good faith formulate a reasonable fee to compensate them for the unauthorized use and, if possible, obviate the filing of suit.

5.29    On August 28, 2019, DP, via its counsel, acknowledged receipt of the Notice Letter.

5.30    The parties, via their counsel, engaged in settlement correspondence, but were unable to reach a resolution of the matter.

5.31    Attempts at non-judicial obviation of suit were made by Plaintiff's counsel and were not successful.

5.32    Defendants have failed to provide compensation to Plaintiff for their uses of the Work without a license, authorization or consent, in violation of the exclusive rights granted to Plaintiff as the copyright holder.

5.33    As of the date of this Complaint, the parties have been unable to resolve the matter.

5.34    The full nature and extent of all infringing uses of Plaintiff's Work by the Defendants are unknown to Plaintiff as of this writing, said information being within the sole knowledge, custody, and control of Defendants. That such details and information are expected to be ascertained through discovery in this action.

5.35    Defendants have no defenses at law to the claims set forth herein.

5.36    Paragraphs "1.1" through "5.35" are incorporated by reference with respect to each of the below claims for relief.

## VI.
## CLAIM FOR RELIEF
Copyright Infringement
Under Section 501-504 of the Copyright Act

6.1    The use of Plaintiff's Work by the Defendants, or one or more of them, in connection with "medicineshoppe.com", was and is without Plaintiff's authorization, license or consent.

6.2     Upon information and belief, the Defendants, or one or more of them, have infringed the copyright in Plaintiff's Work.

6.3     Upon information and belief, the aforementioned acts of Defendants, or one or more of them, constitute federal statutory copyright infringement under Section 501 of the Copyright Act in violation of the rights granted to Plaintiff as copyright holder.

6.4     Upon information and belief, Defendant(s)' uses of the Work in violation of Plaintiff's copyright were negligent in that Defendants knew or should have known that they were without a license for the uses complained of herein.

6.5     Upon information and belief, Defendants, or one or more of them, had actual and/or constructive knowledge and/or through the exercise of ordinary business care and/or the examination of public records, knew or should have known that Plaintiff held the copyright in the Work, that Defendants, or one or more of them, never had a license, consent, or authorization by Plaintiff for the use of Plaintiff's Work on the website "medicineshoppe.com" by Defendants, and that any such use would be in violation of Plaintiff's copyright.

6.6     Furthermore, upon information and belief, Defendant(s)' uses of the Work were willful, intentional, malicious, and in bad faith.

6.7     As a result of Defendant(s)' acts, Plaintiff has been and will continue to be damaged in an amount as yet to be determined.

6.8     As a result of Defendant(s)' copyright infringement of Plaintiff's Work, Plaintiff is entitled to damages, attorneys' fees and costs under Section 504 and 505 of the Copyright Act, 17 U.S.C. Section 101 et., seq., and as an alternative to statutory damages, Plaintiff, at her election prior to judgment is entitled to recover her actual damages and any additional profits of the Defendants, attributable to the infringement as under 17 U.S.C. Sections 504 (a)-(b).

## VII.
## **CLAIM FOR RELIEF**
Removal or Alteration of Copyright Management Information
Under Section 1202 of the Copyright Act

7.1    Upon information and belief, Defendant(s) intentionally and willfully removed or altered Plaintiff's copyright management information/data for Plaintiff's Work, without the authority of Plaintiff.

7.2    That the Work contained copyright management information in the form of a plainly visible copyright notice stating "peggerrity.com" on the Work itself.

7.3    That Defendant(s)' use of the Work lacks the visible copyright notice present on the face of the Work.

7.4    Upon information and belief, Defendant(s) removed and/or altered said copyright management information from the Work.

7.5    That such actions further demonstrate Defendant(s)' willful infringement of the Work.

7.6    That the aforesaid actions constitute a violation of Section 1202(b) of the Copyright Act.

7.7    Upon information and belief, Defendant(s) knew and/or had reasonable grounds to know that by concealing Plaintiff's copyright management data, that it would induce, enable, facilitate, or conceal Defendant(s)' infringement of Plaintiff's Work.

7.8    Upon information and belief, Defendant(s) intentionally and/or knowingly concealed Plaintiff's copyright management data as aforesaid, in order to conceal that its use of the Work was without the authorization of Plaintiff and in violation of law.

7.9    As a result of Defendant(s)' actions with regard to Plaintiff's copyright management data, Plaintiff has been and will continue to be damaged in an amount as yet to be determined.

7.10    As a result of Defendant(s)' actions with regard to Plaintiff's copyright management data, Plaintiff is entitled to damages in the form of actual or statutory damages pursuant to 17 U.S.C.

1203(b)(3) and 1203(c), costs pursuant to 17 U.S.C. 1203(b)(4), reasonable attorney's fees pursuant to 17 U.S.C. 1203(b)(5), a temporary and permanent injunction pursuant to 17 U.S.C. 1203(b)(1), and or the impounding, modification or destruction of any items involved in the violation pursuant to 17 U.S.C. 1203(b)(2) and 1203(b)(6).

  7.11 Plaintiff is entitled to a separate award of damages for each of Defendant(s)' violation of 17 U.S.C. 501-505 (First Claim for Relief), and for Defendant(s)' violation of 17 U.S.C. 1202-1203 (Second Claim for Relief).

## VIII.
## JURY DEMAND

  8.1 Plaintiff requests a trial by jury of all issues.

  WHEREFORE, PREMISES CONSIDERED, Plaintiff requests judgment against the Defendants as follows:

  1) Actual damages incurred as a result of Defendant(s)' infringement(s), and all profits realized as a result of its infringement(s), in amounts to be determined at trial; or

  2) In the alternative, at Plaintiff's election, maximum statutory damages in the amount of $150,000, pursuant to 17 U.S.C. § 504 for each separate and distinct act of infringement;

  3) An order of injunction permanently enjoining and prohibiting the Defendants, or one or more of them, including but not limited to wholly owned subsidiaries and/or affiliates, from employing or utilizing in any manner or media whatsoever, including all future uses, sales, transfers, assignments, or licensing of the Work, pursuant to 17 U.S.C. § 502 and for an award of costs and attorneys' fees pursuant to 17 U.S.C. § 505;

  4) Prejudgment and post-judgment interest on all sums due; and

  5) Such other and further relief as this Court may deem just and proper, inclusive of any and all relief or remedies allowable by the statutes referenced above or applicable hereinabove.

Respectfully Submitted,


EDWARD C. GREENBERG, LLC
445 Hamilton Avenue, Suite 1102
White Plains, NY  10601
Tel: (212) 697-8777
Fax: (212) 697-2528
ecglaw@gmail.com


By: */s/ Ed Greenberg*_____
        Ed Greenberg
        New York State Bar No. 1184217


PRO HAC VICE COUNSEL FOR PLAINTIFF

Minton, Bassett, Flores & Carsey, P.C.
John C. Carsey
Texas State Bar No. 0398800
1100 Guadalupe St.
Austin, TX  78701
Tel: (512) 476-4873
Fax: (512) 479-8315
jcarsey@mbfc.com

LOCAL COUNSEL FOR PLAINTIFF

# **EXHIBIT A**



# EXHIBIT B

## Certificate of Registration

This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Form VA**
For a Work of the Visual Arts

**VAu 650 – 348**

**EFFECTIVE DATE OF REGISTRATION**

| Month | Day | Year |
|-------|-----|------|
| 11 | 19 | 04 |

**ARATE CONTINUATION SHEET**

**1** **Title of This Work ▼**
GERRITY STOCK IMAGES 340-476

**NATURE OF THIS WORK ▼** See Instructions
Medical + Scientific illustration

**Previous or Alternative Titles ▼**

**Publication as a Contribution** If this work was published as a contribution to a periodical serial or collection give information about the collective work in which the contribution appeared **Title of Collective Work ▼**

If published in a periodical or serial give **Volume ▼**   **Number ▼**   **Issue Date ▼**   **On Pages ▼**

**2** **NAME OF AUTHOR ▼**
a  MARGARET "Peg" Gerrity

**DATES OF BIRTH AND DEATH**
**Year Born ▼** 1961   **Year Died ▼**

Was this contribution to the work a "work made for hire"?
☐ Yes
☒ No

**Author's Nationality or Domicile**
Name of Country
OR { Citizen of _U.S.A._
Domiciled in

**Was This Author's Contribution to the Work**
Anonymous?   ☐ Yes  ☒ No
Pseudonymous?  ☐ Yes  ☒ No
If the answer to either of these questions is "Yes," see detailed instructions

**NOTE**
Under the law the author of a work made for hire is generally not the employer not the employee (see instructions) For any part of this work that was made for hire check "Yes" in the space provided give the employer (or other person for whom the work was prepared) as Author of that part and leave the space for dates of birth and death blank

**Nature of Authorship** Check appropriate box(es) **See instructions**
☐ 3 Dimensional sculpture   ☐ Map   ☐ Technical drawing
☒ 2 Dimensional artwork   ☐ Photograph   ☐ Text
☐ Reproduction of work of art   ☐ Jewelry design   ☐ Architectural work

**Name of Author ▼**
b

**Dates of Birth and Death**
**Year Born ▼**   **Year Died ▼**

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**Author's Nationality or Domicile**
Name of Country
OR { Citizen of
Domiciled in

**Was This Author's Contribution to the Work**
Anonymous?   ☐ Yes  ☐ No
Pseudonymous?  ☐ Yes  ☐ No
If the answer to either of these questions is "Yes," see detailed instructions

**Nature of Authorship** Check appropriate box(es) **See instructions**
☐ 3 Dimensional sculpture   ☐ Map   ☐ Technical drawing
☐ 2 Dimensional artwork   ☐ Photograph   ☐ Text
☐ Reproduction of work of art   ☐ Jewelry design   ☐ Architectural work

**3**
a **Year in Which Creation of This Work Was Completed**
on or before
11/2004 Year  In all cases This information must be given

b **Date and Nation of First Publication of This Particular Work**
Complete this information ONLY if this work has been published
Month _____ Day _____ Year _____
Nation _____

**4** **COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2 ▼
MARGARET L. Gerrity
14318 SPYGLEN Lane
Cypress, TX 77429

**APPLICATION RECEIVED**
NOV 19 2004
**ONE DEPOSIT RECEIVED**
NOV 19 2004
**TWO DEPOSITS RECEIVED**
**FUNDS RECEIVED**

**Transfer** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright ▼

**MORE ON BACK ▶**  Complete all applicable spaces (numbers 5-9) on the reverse side of this page  See detailed instructions  Sign the form at line 8

**DO NOT WRITE HERE**
Page 1 of _____ pages

| EXAMINED BY | | FORM VA |
|---|---|---|
| CHECKED BY | | |
| ☐ CORRESPONDENCE Yes | | FOR COPYRIGHT OFFICE USE ONLY |

DO NOT WRITE ABOVE THIS LINE IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?
☐ Yes ☒ No If your answer is "Yes" why is another registration being sought? (Check appropriate box.) ▼
a. ☐ This is the first published edition of a work previously registered in unpublished form
b. ☐ This is the first application submitted by this author as copyright claimant
c. ☐ This is a changed version of the work, as shown by space 6 on this application
If your answer is "Yes," give: Previous Registration Number ▼    Year of Registration ▼

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.
a. Preexisting Material Identify any preexisting work or works that this work is based on or incorporates. ▼

b. Material Added to This Work Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

**6**

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.
Name ▼    Account Number ▼

**7**

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent. Name/Address/Apt/City/State/ZIP ▼

Peg Gerrity Medical Artist
14318 Spyglen
Cypress TX 77429
281-304-0745 (0915 Fax)

Area code and daytime telephone number ( )    Fax number ( )
Email    Pgerrity @ sbcglobal.net

**CERTIFICATION** I, the undersigned, hereby certify that I am the
check only one ▶
☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☐ authorized agent of _____
    Name of author or other copyright claimant, or owner of exclusive right(s) ▲
of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.
MARGARET L. GERRITY    Date 11/11/04

Handwritten signature (X) ▼
X _____

**8**

**Certificate will be mailed in window envelope to this address**
Name ▼    PEG GERRITY
Number/Street/Apt ▼    14318 Spyglen Lane
City/State/ZIP ▼    Cypress, TX 77429

**9**

17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

Rev. August 2003—20,000   Web Rev. June 2002   ☺ Printed on recycled paper    U.S. Government Printing Office: 2003-496-605/60 029

# VAu 650 - 348 11/19/2004
## Images for Dr Joseph T. Stubbs
## Savanna Pelvic Reconstructive Surgery Center



431 Rectocele



432 Enterocele



433 Frontal Vagina



434 Fibroid Types



435 Overactive bladder



370 Female anatomy



437A Vaginal Vault Prolapse w gut



437B Vaginal Vault Prolapse



438 Vaginal Vault Fixation after prolapse

*Existing image leased to Dr Stubbs in May 2004 Original Registration VAu 603-897 08/28/2003*



269 Cystocele

# EXHIBIT C



← → ↻ ⌂ | 🔒 https://www.medicineshoppe.com/fda-alerts/new-drug-overactive-bladder-adults

**The Medicine Shoppe** PHARMACY
*Caring beyond prescriptions*

Find a Pharmacy    Health News    Medications    Conditions    RxCoupons    Services    Franchise
About

## Myrbetriq Approved

New drug for overactive bladder in adults

Muscle

*July 1, 2012 / Author:  Staff / Reviewed by: Natasha Levin*

The US Food and Drug Administration today approved Myrbetriq (mirabegron) to treat adults with overactive bladder, a condition in which the bladder muscle cannot be controlled, squeezes too often or squeezes without warning.

An extended-release tablet taken once daily, Myrbetriq improves the storage capacity of the bladder by relaxing the bladder muscle during filling.

Symptoms of overactive bladder include the need to urinate too often (urinary frequency), the need to urinate immediately (urinary urgency), and the involuntary leakage of urine as a result of the need to urinate immediately (urge urinary incontinence).

Difficulty Managing Your COPD? - It Might Be Alpha-1

NEWS    FEATURES    SLIDESHOWS

**First Interoperable Insulin Pump Approved**

**Avoiding Drug Interactions**

**Shining a Light on Laser Toy Risks**

### Overactive Bladder

Overactive bladder (OAB) is the name of a group of urinary symptoms. OAB is a common condition that affects millions of Americans. The most common symptom of OAB is a sudden urge to urinate that cannot be controlled. Sometimes, this urge t...

Read More

### More about Overactive Bladder

1. Symptoms
2. Diagnosis
3. Treatments
4. Causes
5. Living With
6. Prognosis

### Related

Conditions:
Overactive Bladder OAB |
Benign Prostatic Hyperplasia | Bladder Cancer |
Urinary Tract Infection | Kidney Dise    Thursday, August 15, 2019

# EXHIBIT D

# EDWARD C. GREENBERG, LLC

COUNSELORS AT LAW
570 LEXINGTON AVENUE, 19TH FLOOR
NEW YORK, NY 10022
TELEPHONE: (212) 697-8777
FACSIMILE: (212) 697-2528

Edward C. Greenberg*
ecglaw@gmail.com

Tamara L. Fitzgerald*†
tl.ecglaw@gmail.com

[x]  IF BY MAIL, RESPOND TO:
445 HAMILTON AVENUE, SUITE 1102
WHITE PLAINS, NY 10601

August 19, 2019

BY PRIORITY MAIL
Mr. Chris Loughlin
Chief Executive Officer
Digital Pharmacist, Inc.
4315 Guadalupe Street, Suite 200
Austin, TX 78751

### RE: Margaret L. 'Peg' Gerrity w/ Digital Pharmacist, Inc. d/b/a medicineshoppe.com, Medicine Shoppe International, Inc., and Cardinal Health

Dear Mr. Loughlin:

We serve as retained copyright counsel to Ms. Margaret L. 'Peg' Gerrity, a medical illustrator of considerable reputation. This office routinely litigates matters of this nature. We write regarding your unauthorized use of our client's registered image.

Please be advised that, our client has discovered that you have employed our client's image of an overactive bladder, a copy of which is annexed hereto as **Exhibit "A"**. Ms. Gerrity is the sole owner of and holds the copyright in the Subject Image, registration number VAu650-348, dated November 19, 2004. A copy of the registration certificate is annexed hereto as **Exhibit "B"**.

You have prominently employed our client's images on your website, specifically at https://www.medicineshoppe.com/fda-alerts/new-drug-overactive-bladder-adults. Such unauthorized use of our client's image serves to market and promote your services and company, as well as the sale of Myrbetriq (mirabegron) for your sole economic gain. A copy of such unauthorized use of our client's image is annexed hereto as **Exhibit "C"**.

Such use of our client's image is without her license, authorization or consent. As you must be aware, the use of a creator's photographic images *without written consent* or license is **violative of the United States Code, Title 17, and The Copyright Act.** Said federal statute affords the creator a plethora of remedies including one or more of the following: monetary relief in the form of compensatory and or statutory damages, an award of attorney's fees and/or an injunction directing removal of the offending materials from the marketplace pending litigation.

**Additionally, you appear to have removed Ms. Gerrity's watermark and photography credit from her image of overactive bladder, without her license, authorization or consent**. Such action is violative of 17 U.S.C. 1201-1202, and would entitle Ms. Gerrity to civil remedies under 17 U.S.C. 1203, which amount monetary damages, inclusive of statutory damages, that are in *addition* to those provided for under 17 U.S.C. 504.

*admitted in New York
†admitted in New Jersey

Neither you, your company, nor any agent or person on either of your behalves, has ever sought or obtained a license from Ms. Gerrity to employ the subject image for any purpose whatsoever. This is notwithstanding the fact that her copyright notice stating "peggerrity.com©" is displayed on the face of the subject image as it was original published. Indeed, the web address listed is the website for Ms. Gerrity's medical illustration business, clearly describing her as a certified medical illustrator, and providing her contact information. Rather than contacting Ms. Gerrity to seek and obtain a license to use the subject image, you have simply employed the image at your own election, *without a license, authorization or consent from the copyright holder*; this directly violates the exclusive rights granted to the copyright holder of the image. It further demonstrates at least reckless disregard for Ms. Gerrity's copyrights by using her image without having sought or obtained a license from her website. Such may be considered willful conduct under the Copyright Act entitling Ms. Gerrity to enhanced statutory damages.

This letter shall serve as notice that you ***immediately cease and desist*** any and all unauthorized uses of our client's image. Any additional or further uses of our client's image will be at your peril.

If you or your company are in possession of any contract, license, agreement or writing of any kind or nature upon which you or your company intends to rely for the proposition that such usage is *authorized* or in the alternative, conclusively establishes that our client's claim is without merit, formal request is made herein to provide same. Such request is made pursuant to Federal Rule 11 in a good faith effort to obviate litigation. ***Failing the production of such license we will be constrained to assume that such usage is violative of law.*** In such event, we intend to institute suit against you, your company, and any other appropriate defendants in the appropriate judicial forum.

*In the event you or your company are not in possession of any exculpatory documents*, and pursuant to our obligations under Rule 11, Rule 130 (and any other substantially equivalent rules or statutes), **formal request is made herein for the following information** and documents reflecting or demonstrating the requested information:

1. The full nature and extent of the use of our client's image, in any and all formats, inclusive of the media and website described herein as well as distribution on any other websites, print media, brochures, pamphlets, signs, or any other format or media of any kind, by you or your company, inclusive of: a description of such uses, the commencement of the terms of such use(s), and location(s) of such uses or display.

2. Documents reflecting the revenue realized from use of our client's image by you and/or your company, during the period of time in which the image was displayed by you and/or your company, including without limitation all revenue received from sales of Myrbetriq and/or mirabegron from July 1, 2012 to the present;

3. The source of the image and the identities of the persons or companies preparing, supplying, editing, and/or producing same;

4. Representative copies in any and all tangible form and media in which our client's image was incorporated or employed;

5.  Copies of written agreements or documents, with any and all persons or entities, referencing the creation, and reproduction regarding the offending use(s) of our client's image;

6.  Copies of any documents in any format upon which you and/or your company intends to rely for the proposition that Ms. Gerrity had knowledge of and/or agreed to have her image published by you and your company, inclusive of any emails or documents of any kind by and between you and/or your company (and/or those acting on either of your behalf) and Ms. Gerrity (and/or those acting on her behalf);

7.  Copies of any purported license or assignment relating to the image referenced herein and issued to you and/or your company by any third party;

8.  The nature and extent of any prospective license(s) you and your company may be seeking to allow for prospective authorized use(s), or which will provide adequate time to remove the offending image from the web obviating plaintiff's need to seek judicial intervention for the purposes of obtaining an injunction prohibiting any and all uses such offending uses of her image;

9.  Copies of any copyright registrations filed with any government or agency thereof referencing, relating or including the imagery complained of herein;

10. Copies of written agreements or documents, with any and all persons or entities with whom you and/or your company have transferred, assigned, licensed, or provided the image, which reference the subject image and/or any corresponding products or publications in which the image(s) are employed;

11. The identity of all third parties to whom you and/or your company supplied the image, including but not limited to publication of the subject image on third party(s)' website(s).

12. Data showing the web traffic and analytics for each page of your website that has employed our client's Image without her license, authorization or consent.

13. The name(s) of person(s) in charge of supervising and assuring that all advertising, marketing and/or promotional materials as well as the content of those materials, comply with any and all applicable state and/or federal regulations, of which may be set by administrative agencies and/or by state or federal statutes.

   ***Upon receipt of such information*** we can fairly consider and determine an appropriate amount of compensation which may or may not include the granting of a limited license for prospective use or in the alternative, a brief period of time within which to permit removal of the image.  It is not our client's preference to commence litigation and she would prefer to resolve the matter promptly and amicably.  In order to do so, receipt of the above requested information within seven (7) business days of date is essential.

   The following is to formally notify you, your company, its agents, employees and contractors **not to destroy, conceal or alter any goods, information, and/or images** stored in electronic form or generated by your and your company's computer systems or electronic devices including but not

limited to its web sites. This information appears relevant to the above matters and may be unavailable from any other source. As you may know, such electronic information can easily be inadvertently destroyed and the failure to take *reasonable measures to preserve* it pending the completion of discovery can result in sanctions being imposed against you or your company. *See, e.g., Cedars Sinai Med. Ctr. v. Superior Ct.* (1998) 18 Cal 4th 1, 74 Cal Rptr 2d 248; *Zubulake v. UBS Warburg LLC* (SDNY 2003) 220 FRD 212, 216.

In order to comply with the discovery requests that we will make in this matter you and your company may need to provide electronic evidence in its native format. You and your company may also need to provide electronic documents, along with the metadata or information about data that is contained in those electronic documents. Even when a paper copy of a document or file exists, we will also seek the documents or files in their electronic format so that we also receive the information in the metadata. Our discovery requests will include certain data on you and your company's hard drives, floppy discs, and backup files, and will include data not usually available to the ordinary computer user, such as deleted files and file fragments.

Thus, the electronic data and the storage devices in which they are kept that your client is *obligated to maintain and preserve* during the pendency of the discovery planned in this case include all of the following data and devices:

1.  Electronic files including deleted files and file fragments, as well as archived files and documents stored in machine-readable format on magnetic optical or other storage media, including hard drives or floppy disks in you and your company's desktop computers, laptop computers, home personal computers, zip drives, external hard drives, usb keys, and the backup media used for each;

2.  Files stored on online filing hosting services, including iCloud, Google Drive, and OneDrive;

3.  All devices in which files are stored, such as cell phones, tablets, laptops, Chromebooks, and other devices of substantial similarity;

4.  E-mail, both sent and received, internally or externally;

5.  Telephone files and logs such as voicemail and universal mobile telecommunications systems (UMTS) data;

6.  Word processing files, including drafts and revisions;

7.  Spreadsheets, including drafts and revisions;

8.  Databases;

9.  Electronic files in portable storage devices such as floppy discs, compact discs, digital video discs, ZIP drives, thumb drives or pen drives;

10. Graphs charts and other data produced by project management software;

11.   Data generated by calendaring, task management and personal information management software, such as Microsoft Outlook;

12.   Data created with the use of or stored on personal data assistants such as PalmPilot inclusive of substantially equivalent devices;

13.   Data created, derived and/or edited with the use of editing software such as Photoshop, Adobe, and any accompanying software;

14.   Data created with the use of paper and electronic mail logging and routing software;

15.   Internet and web-browser generated history files, caches, and "cookies" generated by you and/or your company or at the workstation of each employee in you and/or your company's employ and on any and all backup storage media;

16.   Logs of network use by you and/or your company and either of its distributors and/or customer's employees, whether kept in paper or electronic format;

17.   Copies of your and your company's backup tapes and the software necessary to reconstruct the data on those tapes on each and every personal computer or workstation and network server in you and/or your company's control and custody;

18.   Electronic information in copiers, fax machines and printers;

19.   Web-site files and records of any kind and all histories of those files;

20.   All records of sales generated and processed through software for goods employing the offending image;

21.   Records, copies, reproductions and evidence set forth above existing or printed on physical paper or paper product(s).

As previously stated, and as you are aware, the failure to maintain such information, and any other electronic information which may be called upon in discovery, can lead to severe penalties in the discretion of the Court.

We require delivery of the above sought documentation within seven (7) days of date. Absent an exculpatory document or license, any and all uses of our client's image will be made at you and your company's peril. Should we fail to hear from you, we will file suit in the United States District Court against you and any other appropriate defendants without further notice.

Very truly yours,

EDWARD C. GREENBERG

cc: Margaret L. 'Peg' Gerrity